**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **MEREDITH RITCHIE,**<br>**ROBERT GARDNER,**<br>**FRED POTTSCHMIDT, and**<br>**RYAN SWART,**<br><br>**PLAINTIFFS,**<br><br>**v.**<br><br>**SCOTT SAUNDERS and**<br>**KUTZLER EXPRESS, INC.,**<br><br>**DEFENDANTS.** | : | **CASE NO.** 1 : 13 C V 1 4 1 PPS<br><br>**JUDGE** ______________<br><br>**COMPLAINT WITH JURY DEMAND** |

FILED
13 APR 30 AM 9:45

Comes now the Plaintiffs, Meredith Ritchie, Robert Gardner, Fred Pottschmidt, and Ryan Swart, by counsel, and for their cause of action against the Defendants, Scott Saunders and Kutler Express, Inc., state as follows:

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. PARTIES

1. The Plaintiff Meredith Ritchie (hereinafter "Plaintiff" or "Meredith Ritchie") is and was at all times relevant hereto, a resident and citizen of Ft. Thomas, Campbell County, Kentucky.

2. The Plaintiff Robert Gardner (hereinafter "Plaintiff" or "Robert Gardner") is and was at all times relevant hereto, a resident and citizen of Cold Spring, Campbell County, Kentucky.

3. The Plaintiff Fred Pottschmidt (hereinafter "Plaintiff" or "Fred Pottschmidt") is and was at all times relevant hereto, a resident and citizen of Cincinnati, Hamilton County, Ohio.

4. The Plaintiff Ryan Swart (hereinafter "Plaintiff" or "Ryan Swart") is and was at all times relevant hereto, a resident and citizen of West Chester, Butler County, Ohio.

5. At all times relevant hereto, the Defendant Scott Saunders (hereinafter "Defendant" or "Scott Saunders") is and was a resident and citizen of Wisconsin.

6. At all times relevant hereto, the Defendant Kutzler Express, Inc. (hereinafter "Defendant" or "Kutzler Express") is and was a commercial motor vehicle carrier incorporation under the laws of Wisconsin with its principal place of business at 12737 60th Street, Kenosha, Wisconsin 53144.

7. At all times relevant hereto, Defendant Scott Saunders was employed by Defendant Kutzler Express as an operator of a commercial motor vehicle.

**B. JURISDICTION AND VENUE**

8. Subject matter of this action arises under 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

9. The U.S. District Court for the Northern District of Indiana has personal jurisdiction of the Defendants because the Defendants transact business in Indiana and the wrongs complained of herein arose in Indiana.

10. Venue is proper in this U.S. District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1391 because, inter alia, a substantial part of the events giving rise to the Plaintiffs' claims occurred in, and because the Defendants transact business in Indiana.

11. All actions and inactions giving rise to the cause of action stated herein did occur in New Haven, Allen County, Indiana.

**COUNT I**
**(NEGLIGENCE AND GROSS NEGLIGENCE)**

Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein and further alleges as follows:

12. At all times relevant hereto, Defendant Scott Saunders had a duty to safely operate his commercial motor vehicle, including, but not limited to:

a. Properly observing the roadway;

b. Properly braking his commercial motor vehicle;

c. Maneuvering his commercial motor vehicle so as to avoid collisions;

d. Maintaining adequate control over his commercial motor vehicle;

e. Taking proper evasive action so as to avoid accidents;

f. Maintaining a proper look-out;

g. Obeying the laws of the State of Indiana in and about operating commercial motor vehicles on the highways and roadways of the State of Indiana.

13. At all times relevant hereto, Defendant Kutzler Express, by and through its agents and/or employees, including Defendant Scott Saunders, had a duty to ensure its commercial motor vehicles were operated safely, including, but not limited to:

a. Entrusting its commercial motor vehicles only to drivers it knew possessed sufficient skill, judgment and prudence in the operation of a commercial motor vehicle;

b. Adequately instructing the driver in the safe operation of the commercial motor vehicle prior to entrusting him with the vehicle;

c. Allowing the drive to operate the commercial motor vehicle only if he had sufficient ability to operate the commercial motor vehicle safely;

d. Supervising, training, instructing and hiring safe drivers who obey laws, rules and regulations pertaining to the safety of others using the roadway.

14. On or about January 8, 2013, Plaintiffs Meredith Ritchie, Robert Gardner, Ryan Swart and Fred Pottschmidt were seated in a vehicle operated by Plaintiff Fred Pottschmidt that was stopped at a red traffic signal at the intersection of U.S. 30 East and South Doyle Road in Allen County, Indiana.

15. On or about January 8, 2013, Defendant Scott Saunders operated a commercial motor vehicle on the west bound lanes of U.S. 30 East approaching South Doyle Road in Allen County, Indiana.

16. Upon information and belief, on or about January 8, 2013, Defendant Scott Saunders failed to maintain a proper lookout and to safely brake and as a result the commercial motor vehicle he was operating struck multiple motor vehicles, including the motor vehicle operated by Plaintiff Fred Pottschmidt in which Plaintiffs Meredith Ritchie, Robert Gardner and Ryan Swart were also seated.

17. On or about January 8, 2013, Defendant Scott Saunders breached the duty of care he owed to others using the roadway by virtue of one or more of the following:

a. Failing to properly observe the roadway;

b. Failing to properly brake his commercial motor vehicle;

c. Failing to maneuver his commercial motor vehicle so as to avoid a collision;

d. Failing to maintain adequate control over his commercial motor vehicle;

e. Failing to take proper evasive action so as to avoid an accident;

f. Failing to maintain a proper look-out;

g. Failing to obey the law of the State of Indiana in and about operating his commercial motor vehicle on the highways and roadways of the State of Indiana.

18. Upon information and belief, at all times relevant herein, Defendant Scott Saunders was acting within the course and scope of his employment Defendant Kutzler Express.

19. Defendant Kutzler Express is legally responsible and liable for its employee Defendant Scott Saunder's careless, negligent, grossly negligent, wanton and dangerous operation of its motor vehicle with reckless disregard for the lives and safety of others (such as to constitute malice) on January 8, 2013 under the principles of *respondeat superior* and/or the law of agency.

20. Defendant Kutzler Express breached the duty of care it owed to others using the roadway, including the Plaintiffs, by virtue of one or more of the following:

a. Negligently entrusting Defendant Scott Saunders with the commercial motor vehicle when it knew or should have known that Defendant Scott Saunders lacked sufficient skill, judgment and prudence in the operation of a commercial motor vehicle;

b. Failing to adequately instruct Defendant Scott Saunders in the safe operation of the commercial motor vehicle prior to entrusting him with the vehicle;

c. Failing to prevent Defendant Scott Saunders from operating the commercial motor vehicle until he had sufficient ability to operate the vehicle safely;

d. Failing to adequately ascertain that Defendant Scott Saunders lacked the ability necessary to safely operate the commercial motor vehicle under the circumstances.

21. The collision at issue was in no way caused by any negligent act or failure to act on the part of the Plaintiffs.

22. As a direct and proximate result of the Defendants' conduct as set forth above, the commercial motor vehicle operated by Defendant Scott Saunders struck a motor vehicle operated by Plaintiff Fred Pottschmidt in which Plaintiffs Meredith Ritchie, Robert Gardner and Ryan Swart were also passengers causing each of the Plaintiffs severe and permanent injuries.

23. As a further direct and proximate result of the Defendants' conduct, as set forth above, Plaintiff Meredith Ritchie suffered severe and permanent physical injury, pain and suffering, mental anguish, and damages that include lost wages, an impairment of her ability to earn income in the future, past medical expenses and future medical expenses.

24. As a further direct and proximate result of the Defendants' conduct, as set forth above, Plaintiff Robert Gardner suffered severe and permanent physical injury, pain and suffering, mental anguish, and damages that include an impairment of his ability to earn income in the future, past medical expenses and future medical expenses.

25. As a further direct and proximate result of the Defendants' conduct, as set forth above, Plaintiff Fred Pottschmidt suffered severe and permanent physical injury, pain and suffering, mental anguish, and damages that include an impairment of his ability to earn income in the future, past medical expenses and future medical expenses.

26. As a further direct and proximate result of the Defendants' conduct, as set forth above, Plaintiff Ryan Swart suffered severe and permanent physical injury, pain and suffering, mental anguish, and damages that include an impairment of his ability to earn income in the future, past medical expenses and future medical expenses.

**WHEREFORE**, Plaintiffs Meredith Ritchie, Robert Gardner, Fred Pottschmidt and Ryan Swart demand judgment against the Defendants Scott Saunders and Kutzler Express as follows:

A. For compensatory damages in an amount to be determined by the jury consistent with the evidence; and

B. For all other relief to which they may appear entitled.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Meredith Ritchie, Robert Gardner, Fred Pottschmidt and Ryan Swart hereby demand a trial by jury.

RESPECTFULLY SUBMITTED,

SCHACHTER, HENDY & JOHNSON, P.S.C.

BY: ______________________
Sarah N. Smith, 30435-15
ssmith@pschachter.com
909 Wright's Summit Parkway, Ste. 210
Ft. Wright, KY 41011
Ph: 859-578-4444
Fax: 859-578-4440

*ATTORNEY FOR THE PLAINTIFFS*